IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ATS INTERMODAL, LLC, a corporation; GARLAND B. BEASLEY; VICKIE L. BEASLEY; TRUETT S. BEASLEY, JR.; and EARL N. BEASLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> CONTINENTAL CASUALTY COMPANY, a foreign corporation, <br><br> Defendant. | * <br> * <br> * <br> * <br> CASE NO. 4:10-CV-19 (CDL) <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

O R D E R

This action arises from an insurance coverage dispute following a tragic tractor trailer accident. Presently pending before the Court is Defendant's Motion to Transfer Venue (Doc. 9). For the following reasons, the Court grants Defendant's motion and directs the Clerk to transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

BACKGROUND

**I.  The Accident Giving Rise to the Present Action**

On June 24, 2005, an accident occurred in Atlanta, Georgia involving a commercial vehicle being driven by Ephantus Gathuru, who was an employee of ATS Intermodal, LLC ("ATS") at the time. (Compl. ¶ 14.) The vehicle driven by Gathuru was operated by ATS, but the

chassis and/or trailer of the vehicle were owned by P&O Nedlloyd Logistics, LLC ("P&O") and OOCL (USA) Inc. ("OOCL"). (*Id.* ¶¶ 14-15.) Three persons were killed in the wreck—Truett and Gwendolyn Beasley and Kevin Brunelle. (*Id.* ¶¶ 14, 20.) At the time of the accident, ATS was insured by Continental Casualty Company ("CNA") with liability coverage of $1 million per accident. (*Id.* ¶¶ 16, 18.)

**II. The Underlying Wrongful Death Lawsuits and Settlements**

Mr. Brunelle's survivors and the Beasleys' survivors filed separate wrongful death actions on the same day. The Brunelle action was filed in the United States District Court for the Northern District of Georgia, Atlanta Division, against ATS, Gathuru, CNA, and OOCL. (Ex. B to Def.'s Mot. to Transfer, *Brunelle v. ATS*, No. 1-05-CV-2101 (N.D. Ga.); *accord* Compl. ¶ 23.) The Beasley action was filed in the State Court of Dekalb County, Georgia, naming ATS, Gathuru, P&O, and OOCL as defendants. (Compl. ¶ 21.) Subsequently, an action was filed on behalf of Mr. Brunelle's estate in the State Court of Fulton County, Georgia, naming ATS, Gathuru, P&O, OOCL, CNA, and the Estate of Truett S. Beasley as defendants. (Ex. C to Def.'s Mot. to Transfer, *Brunelle v. ATS*, No. 05EV000188B (State Ct., Fulton County, Ga.).)

CNA initially provided a defense to ATS, Gathuru, P&O, and OOCL in the three lawsuits. (*See* Compl. ¶¶ 22, 24; Ex. E to Def.'s Mot. to Transfer, Letter from Karen Ventrell to Counsel for P&O and OOCL,

Sept. 27, 2005 [hereinafter "9/27 Ventrell Letter"].) CNA retained South Carolina lawyer Rob Moseley and lawyers from the Atlanta, Georgia law firm of Dennis, Corry, Porter and Smith to defend ATS and Gathuru. (Compl. ¶ 25.) CNA hired Robert S. Glenn, Jr. of the Savannah, Georgia law firm Hunter, Maclean, Exley & Dunn, P.C. to defend P&O, and it retained R. Clay Ratterree of the Savannah law firm Ellis, Painter, Ratterree & Adams, LLP to defend OOCL. (*See id.* ¶¶ 29-30; 9/27 Ventrell Letter.)

In June 2006, CNA settled the Brunelle wrongful death and bodily injury claims for approximately $917,000. (Compl. ¶ 31.) This left approximately $83,000 of available liability coverage under the CNA policy limits for the Beasley claims, which were not settled. (*Id.* ¶ 32.)

Although CNA provided a defense to P&O and OOCL, these two defendants allegedly had additional liability coverage from another carrier. (*Id.* ¶ 19.) On January 18, 2008, the Beasleys mediated their claims against P&O and OOCL using Henning Mediation Services of Atlanta, Georgia and subsequently reached a confidential settlement of those claims against P&O and OOCL. (*Id.* ¶¶ 35-36.) When CNA learned of that settlement, it allegedly contributed its remaining $83,000 in liability limits toward the settlement; upon doing so, CNA asserted that it no longer had any duty to indemnify or defend ATS. (*Id.* ¶¶ 38, 42-46, 48.) CNA directed the lawyers

3

that it had previously retained to defend ATS and Gathuru that their representation was terminated. (*Id.* ¶¶ 48-49.)

The Beasley wrongful death claim proceeded against ATS and Gathuru, who were allegedly left without legal counsel because of CNA's decision that its obligation to defend them ceased upon its payment of the remainder of its liability limits. (*Id.* ¶¶ 61-63.) A consent judgment was ultimately entered for the Beasley wrongful death claim against ATS and Gathuru in the amount of $10 million. (*Id.* ¶ 66.)

### III. The Present Action

ATS, one of the defendants in the underlying Beasley wrongful death action against whom the $10 million consent judgment was entered, filed the present action claiming that CNA wrongfully exhausted its liability limits, thus denying ATS a proper defense in the underlying action, which ultimately resulted in the substantial judgment against it. The Beasley family members who brought the underlying wrongful death action have also joined as plaintiffs in this action.

DISCUSSION

### I. 28 U.S.C. § 1404 Principles

Defendant seeks to transfer this action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that, "For the

4

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted); *accord Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991) ("The decision to transfer a case to another district is left to the sound discretion of the trial court."). The § 1404(a) movant has the burden "to establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (per curiam).

**II.  The U.S. District Court for the Northern District of Georgia**

The Court must first determine whether the pending action "might have been brought" in the United States District Court for the Northern District of Georgia. 28 U.S.C. § 1404(a). The parties agree, and the Court's independent review confirms, that this action could have been brought in the United States District Court for the Northern District of Georgia.

**III. 28 U.S.C. § 1404(a) Factors**

The Court must next consider whether the "convenience of parties and witnesses" and "the interest of justice" weigh in favor of the

5

requested transfer. 28 U.S.C. § 1404(a). The Eleventh Circuit Court of Appeals has identified nine factors relevant to analyzing a motion to transfer venue under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

In this case, three of the Eleventh Circuit's factors are equally balanced. First, the parties agree that the relative means of the parties is a neutral factor. (Pls.' Resp. in Opp'n to Def.'s Mot. to Transfer Venue 16 [hereinafter Pls.' Resp.]; Def.'s Reply in Supp. of Mot. to Transfer Venue 2 n.2 [hereinafter Def.'s Reply].) Second, both the Middle District of Georgia and the Northern District of Georgia judges are equally familiar with the law governing Plaintiffs' claims. Third, no party to this action is a resident of either the Middle District of Georgia or the Northern District of Georgia, thus making each district equally inconvenient.[1] After

---

[1]ATS is a Charleston, South Carolina trucking company, incorporated in South Carolina. (Compl. ¶¶ 2, 13.) Garland B. Beasley is a resident of Louisiana. (*Id.* ¶ 3.) Vickie L. Beasley is a resident of Florida. (*Id.* ¶ 4.) Truett S. Beasley, Jr. is a resident of Alabama. (*Id.* ¶ 5.) Earl

6

balancing the remaining factors, however, the Court concludes that the most appropriate forum for this action is the Northern District of Georgia.

The locus of operative facts favors the Northern District of Georgia. While the parties disagree as to the precise location of the locus of operative facts, it is undisputed that *none* of the events relevant to this action occurred in the Middle District of Georgia. In contrast, it is apparent that at least *some* of the operative facts giving rise to this action occurred in the Northern District of Georgia. Three significant events appear to be centered in the Northern District of Georgia. First, the accident giving rise to the wrongful death actions occurred there. Second, the Georgia attorneys who represented ATS in the Brunelle settlement were located in the Northern District, and thus any documents involving that settlement would presumably be contained in their files. Finally, the mediation of the Beasleys' claims against P&O and OOCL also occurred in the Northern District. While some of the other attorneys and decision makers involved in the litigation were based in the Southern District of Georgia and/or were from out of state, none of the operative facts have any connection to the Middle District of Georgia. Therefore, the Court finds that since some of the operative

---

N. Beasley is a resident of Mississippi. (*Id.* ¶ 6.) CNA is an Illinois corporation with its principal place of business in Chicago, Illinois. (*Id.* ¶ 7.)

facts occurred in the Northern District and none occurred in the Middle District, this factor weighs in favor of transferring the case to the Northern District.

Similarly, convenience of the witnesses favors the Northern District of Georgia. While the parties disagree about who are "key witnesses" and who are "closely-aligned party witnesses," it is undisputed that *no* witness of any kind resides in the Middle District of Georgia. In contrast, at least *some* of the likely witnesses reside in the Northern District of Georgia. (*See* Compl. ¶ 25 (noting CNA provided ATS with attorneys from Atlanta, Georgia law firm Dennis, Corry, Porter and Smith); Pls.' Resp. 3 (noting that Mr. Tom Tobin of Henning Mediation Services in Atlanta mediated the parties' dispute).) Given that *no* witness resides in the Middle District of Georgia while at least *some* witnesses *do* reside in the Northern District of Georgia, convenience of the witnesses favors transfer to the Northern District.

The only factor in favor of the Middle District of Georgia is deference to a plaintiff's choice of forum. Under the circumstances of this case, however, the Court finds that Plaintiffs' choice of forum is entitled to minimal weight since the operative events occurred elsewhere and all Plaintiffs and witnesses reside outside the Middle District of Georgia. *See Escobedo v. Wal-Mart Stores, Inc.*, No. 3:08-CV-105 (CDL), 2008 WL 5263709, at *3 (M.D. Ga.

8

Dec. 17, 2008) (noting that "a plaintiff's choice of forum is afforded less weight if the plaintiff resides outside the forum due to the difficulty plaintiff will have in showing why the original forum is more convenient, and a plaintiff's choice of forum is also afforded little weight if the majority of the operative events occurred elsewhere." (internal quotation marks omitted)).

CONCLUSION

For all of the previously described reasons, the Court finds that this action can be adjudicated more efficiently and conveniently in the United States District Court for the Northern District of Georgia, and that the interest of justice favors a transfer to that district. Accordingly, Defendant's Motion to Transfer Venue (Doc. 9) is granted, and the Clerk is directed to transfer this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

IT IS SO ORDERED, this 12th day of May, 2010.

                                        S/Clay D. Land
                                              CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE